YOUNG WOMEN'S CHRISTIAN ASSO-
CIATION OF PRINCETON, NEW
JERSEY et al.

v.

George F. KUGLER, Jr., Attorney General
of the State of New Jersey,
Appellant.

No. 72–1428.

United States Court of Appeals,
Third Circuit.

Submitted June 5, 1972.

Decided June 14, 1972.

Alfred J. Luciani, Deputy Atty. Gen.,
Dept. of Law & Public Safety, Div. of
Criminal Justice, Appellate Section, East
Orange, N. J., for appellant.

Richard I. Samuel, Westfield, N. J.,
for appellee.

OPINION OF THE COURT

Before GIBBONS and MAX RO-
SENN, Circuit Judges.

PER CURIAM:

■ The appellant, the Attorney Gen-
eral of New Jersey, moves before this
court for the stay of a declaratory judg-
ment by a three-judge district court that,
N.J.Stat.Ann. § 2A:87–1 (1969), the
New Jersey statute making the per-
formance of abortions a crime, is un-
constitutional, 342 F.Supp. 1048. The
complaint sought an injunction against
the enforcement of the statute on the
ground of its unconstitutionality, but the
three-judge district court expressly de-
clined to issue an injunction. Appeal
from such a judgment lies to this court,
not to the Supreme Court. McCann v.
Babbitz, 400 U.S. 1, 91 S.Ct. 12, 27 L.Ed.
2d 1 (1970); Gunn v. University Com-
mittee to End The War in Viet Nam, 399
U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684
(1970); Mitchell v. Donovan, 398 U.S.
427, 90 S.Ct. 1763, 26 L.Ed. 378 (1970).

An application for a stay of the judgment was made to and declined by the three-judge district court. *See* Fed.R. App.P. 8(a).

██ The three-judge district court made no class action determination. *See* Fed.R.Civ.P. 23(c). It declined to recognize the standing of any of the numerous plaintiffs as litigants in the case except for seven physicians who seek to be free from the inhibiting effect of the challenged statute in their own medical practices and in the treatment of their own female patients. In the absence of a class action determination the declaratory judgment is binding only between these seven individual physician plaintiffs and the defendant appellant. Between the State of New Jersey and any other persons the opinion of the three-judge district court has only stare decisis effect to be weighed against conflicting opinions in the New Jersey Courts. The State remains free to take whatever steps against others than the individual plaintiffs it deems appropriate to enforce the statute by criminal sanctions. It is clear from the carefully considered and limited relief afforded by the district court that this is exactly the position in which it intended to leave the State. .

██ It seems likely that the State will not attempt to prosecute the individual plaintiffs for violations of the statute committed by them while the district court judgment remains in effect. But it is clear that if they violate the statute during the pendency of the appeal from that judgment they will be acting at their peril. If the judgment should be reversed they may be prosecuted for such violations in the future.

In these circumstances we do not see any need for an order of this court staying the declaratory judgment of the district court pending appeal. The State is not, by virtue of the existence of that judgment, so inhibited from continuing to enforce its criminal laws as to warrant such extraordinary relief.

The motion for a stay is therefore denied.