PLANNED PARENTHOOD OF NEW YORK CITY, INC., A NON-PROFIT CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF INSTITUTIONS AND AGENCIES, DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES, *ET AL,* DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 16, 1975—Decided January 20, 1976.

Before Judges Kolovsky, Bischoff and Botter.

*Mr. Alfred L. Ferguson* argued the cause for appellant (*Messrs. McCarter & English,* attorneys; *Mr. Richard M. Eittreim,* of counsel and on the brief).

*Mr. Robert E. Popkin,* Deputy Attorney General, argued the cause for respondents (*Mr. William F. Hyland,* Attorney

General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

BISCHOFF, J. A. D. Appellant Planned Parenthood of New York City, submitted a claim to the New Jersey Department of Institutions and Agencies, Division of Medical Assistance and Health Services, seeking reimbursement for abortions performed on New Jersey residents at its clinic in New York City. Following a hearing before a hearing officer the Director of the Division filed a decision denying the application.

A supplemental hearing was held and the Director filed a supplemental decision again denying plaintiff's application. This appeal followed.

Planned Parenthood is a nonprofit corporation of the State of New York. It operates medical clinics in New York City devoted to family planning and fertility services, provides pregnancy termination services and is licensed in New York to perform these services.

On June 5, 1972 plaintiff was accepted as an authorized provider of medical services by the New Jersey Medicaid Program, which indicated that it was eligible, as an out-of-state clinic, to provide health care services for New Jersey residents and receive reimbursement under the New Jersey Medicaid Program.

Plaintiff originally sought reimbursement for services rendered in performing 68 abortions performed on New Jersey residents between January 1972 and December 1972. (Three of the claims were for abortions performed prior to the date when plaintiff was approved as a provider for medical services under the New Jersey Medicaid Program and have been abandoned.)

The claims were denied by the Director of the Division because:

(1) no prior authorization to furnish the services had been sought, as required by the then existing regulations of the Medicaid Program, and

(2) the abortions would have been illegal if performed in New Jersey and, therefore, were not reimburseable under Medicaid guidelines.

The scope of plaintiff's claim was expanded to include 485 additional claims for abortions performed prior to January 22, 1973. Following a supplemental hearing, all 550 claims were denied. While 443 of the claims were found to be exempt from the rule requiring prior authorization, all 550 abortions would have been illegal if performed in New Jersey and, therefore, plaintiff's claims were held not to be reimburseable.

Plaintiff attacks, on multiple grounds, the New Jersey regulations requiring prior approval for the services to be reimburseable and the Director's interpretation of these regulations.

We find it unnecessary to thread our way through the maze of federal and state statutes and regulations existing in this field, for we rest our decision on a different ground and proceed to a consideration of plaintiff's alternative contention.

Plaintiff's argument proceeds as follows:

(1) The case of *Y.W.C.A. v. Kugler*, 463 *F.* 2d 203 (3 Cir. 1972), declared that the New Jersey statute (*N. J. S. A.* 2A:87–1) prohibiting abortions was unconstitutional;

(2) The cases of *Roe v. Wade*, 410 *U. S.* 113, 93 *S. Ct.* 705, 35 *L. Ed.* 2d 147 (1973), and *Doe v. Bolton*, 410 *U. S.* 179, 93 *S. Ct.* 739, 35 *L. Ed.* 2d 705 (1973), declare that the constitutional right of personal privacy includes a right to have an abortion in the first trimester of pregnancy, and

(3) Since the patients whose abortions are represented by the 550 claims presented by plaintiff had a constitutional right to have the abortions performed, it follows that plaintiff has both a constitutional and a statutory right to reimbursement.

This contention assumes too much and proceeds too far. Preliminarily, we underscore the plain fact that the right of the women in question to have abortions in the first trimester of pregnancy is not here involved, for all the abortions involved have been performed. Nor are we confronted with a claim that the needy or disadvantaged are entitled to have the State assume the burden of providing them with abortions should they desire to have them. *Cf. Roe v. Norton,* 380 *F. Supp.* 726, 730 (D. Conn. 1974). All that is involved is the claim of plaintiff, a New York clinic, that it is entitled to be paid for its services out of New Jersey Medicaid funds.

Plaintiff argues that the cases of *Roe v. Wade* and *Doe v. Bolton, supra,* both decided January 22, 1973, are retroactive and operate to effectively declare the New Jersey statute prohibiting abortions unconstitutional retroactively. The argument proceeds to assert that the abortions performed in New York on New Jersey residents would have been legal if performed in New Jersey and, therefore, a denial of plaintiff's claims for reimbursement on the ground that the abortions, if performed in New Jersey, would have been illegal, is improper, unsound and incorrect.

In support of the argument that the *Roe v. Wade* and *Doe v. Bolton* decisions have retroactive application, plaintiff cites, among others, the cases of *United States ex rel. Williams v. Preiser,* 497 *F.* 2d 337 (2 Cir.), *cert.* den. 419 *U. S.* 1058, 95 *S. Ct.* 642, 42 *L. Ed.* 2d 655 (1974); *Vuitch v. Hardy,* 473 *F.* 2d 1370 (4 Cir.), *cert.* den. 414 *U. S.* 824, 94 *S. Ct.* 126, 38 *L. Ed.* 2d 57 (1973); *People v. Harry Frey* and *People v. Mirmelli, M.D.,* 54 *Ill.* 2d 28, 294 *N. E.* 2d 257 (Sup. Ct. 1973); *State v. Kruze II,* 34 *Ohio St.* 2d 69, 295 *N. E.* 2d 916 (Sup. Ct. 1973), and *State v. Ingel,* 18 *Md. App.* 514, 308 *A.* 2d 223, 227 (Ct. App. 1973).

These cases and others cited by plaintiff involved criminal prosecutions for violation of various state statutes prohibiting abortions, which prosecutions were pending in various stages

in the courts at the time the *Roe* and *Doe* decisions were published.

While it is true that no distinction is apparent in the approach to retroactivity "simply on the basis that civil or criminal litigation is involved," *State v. Nash*, 64 *N. J.* 464, 470 (1974), both the approach and the result vary with the circumstances and issues involved in each case. It is clear that in making the decision as to whether retroactivity is to be accorded a court decision declaring constitutional principles, competing considerations present in each case are to be weighed. These considerations have been enumerated to be:

> * * * (1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the administration of justice. This weighing process has generally been followed in New Jersey * * * [*Id.* at 471]

In the performance of this balancing function we note that the pregnancies in question were terminated prior to the decision of the United States Supreme Court in the cases of *Roe v. Wade* and *Doe v. Bolton, supra.* Plaintiff had received notice, on or about the time that it was declared eligible as an out-of-state provider of health services for New Jersey residents under the Medicaid Program in June 1972, that New Jersey Medicaid did not reimburse for abortion services[1]. It is, therefore, clear that at the time the services were rendered by plaintiff, it had no reasonable expectation of receiving reimbursement from New Jersey Medicaid. Plaintiff's reliance here on the restrictive holding of *Y.W. C.A. v. Kugler, supra,* as support for the contrary view, is misplaced.

---

[1]Whether this notice applied only to elective abortions, therapeutic abortions, or all abortions, is not clear and, in any event, that determination is not material to the conclusion we reach herein.

We perceive a vast difference in applying the rule of retroactivity to alleged past criminal conduct on the one hand and the possibility of monetary reimbursement resulting from a future change in the law on the other. A careful consideration of all the circumstances of this case leads us to conclude that justice will best be served by holding the decisions of *Roe* and *Doe* not retroactive to the facts herein and in denying plaintiff's claim for reimbursement for the 550 pregnancy terminations from New Jersey Medicaid funds.

The decision of the Director of the Division of Medical Assistance and Health Services denying plaintiff's application for reimbursement is affirmed.