### In re ADOPTION OF V.G., D.K., P.K.

#### Appeal of Andrian Huymaier.

Superior Court of Pennsylvania.

Argued April 6, 2000.

Filed May 2, 2000.

Earl Douglas, Philadelphia, for appellant.

Vernette D. Dow, Philadelphia Dept. of Human Services, participating party.

Donella R. Shaffer, Philadelphia, for Defender Ass'n of Philadelphia, Child Advocacy, participating party.

Before McEWEN, President Judge, and JOYCE and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellant, Andrian Huymaier, appeals the June 2, 1999 Order terminating her parental rights to her three children. On appeal, appellant's counsel argues this appeal is frivolous and moves to withdraw.

¶ 2 Appellant is the biological mother of V.G., born August 2, 1988; P.K., born September 24, 1991; and D.K., born February 9, 1993.[1] The Philadelphia Department of Human Services ("DHS") became involved with the children in 1993, after appellant was arrested for physically abusing her oldest child, M.L.[2] The children were ad-

---

1. The natural father of P.K. and D.K. agreed to the termination of his parental rights. The natural father of V.G. is unknown.

2. Appellant's parental rights to M.L. were terminated in a separate petition. On appeal to this Court, No. 4992 Philadelphia 1997, unpublished memorandum (Pa.Super. filed December 31, 1999), counsel's petition to withdraw from representation was denied due to his failure to comply with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Order terminating appel-

lant's parental rights was vacated and the case was remanded for a full evidentiary hearing. The majority Opinion indicated that because the status of appellant's appeal from her judgment of sentence by way of a Federal Habeas Corpus Petition and the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, was uncertain, the trial court could not find appellant was unable to remedy the situation of her incarceration to provide care and support for M.L. The dissent recognized counsel's failure to adhere to *Anders* but would not have remanded the case for further proceed-

judicated dependent and placed in a foster home together. On June 8, 1994, appellant pled guilty to aggravated assault, conspiracy and kidnapping and received an aggregate sentence of fifteen (15) to thirty-four (34) years' imprisonment. Thereafter, the children's goal was changed to adoption and termination of parental rights, which was affirmed by this Court on appeal. *See In re V.G., P.K., and D.K.*, 736 A.2d 688 (Pa.Super.1999). On June 2, 1999, following a hearing, the court ordered the termination of appellant's parental rights, and this timely appeal followed.

▮ ¶ 3 On appeal, appellant's counsel raises one question for our review: "Is [this] appeal wholly frivolous?" (Appellant's brief at 3.)³ Appellant's counsel seeks to withdraw and, thus, must comply with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and its progeny,⁴ which requires that counsel:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise any additional points he deems worthy of this Court's review.

ings. Moreover, the dissent justified the termination of appellant's parental rights based on the severity of the abuse inflicted on M.L. In this case, we agree with the rationale of the dissent and refuse to abdicate our role of reviewing the trial court's finding based on either counsel's failure to comply with *Anders* or appellant's speculative post-conviction rights.

3. Appellant has not responded to counsel's petition to withdraw representation.

4. In *In re V.E.*, 417 Pa.Super. 68, 611 A.2d 1267 (1992), this Court stated:
[W]e now hold that counsel appointed to represent an indigent parent on a first appeal from a decree involuntarily terminating his or her parental rights, may, after a

*Commonwealth v. Gee*, 394 Pa.Super. 277, 575 A.2d 628, 629 (1990).

¶ 4 In this case, counsel filed a separate petition to withdraw and, in his brief, stated that he had furnished appellant with a copy of the brief and informed her of her rights in lieu of counsel's representation. He, therefore, complied with the first and third requirements of *Anders*; however, he has failed to meet the second requirement.

▮ ¶ 5 The purposes of an *Anders* brief are:
(1) [to] give[ ] the reviewing court a basis upon which to decide if the appeal is, in fact, frivolous, and (2) [to] give[ ] indigent defendants as nearly as is practicable that which is guaranteed them under the Sixth and Fourteenth Amendments, the right to counsel (and, in the process, [to] protect[ ] counsel from ineffectiveness allegations).

*Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa.Super.1997). Furthermore, this Court stated:
If we were to accept a counsel's conclusion that an appeal was wholly frivolous, without more, counsel would become the court determining the merits of a defendant's appeal. In any event, we perceive no conflict: counsel who honestly believes that an appeal is wholly frivolous need not argue as an advocate would, but need only set out the issues in brief neutral form in order that a

conscientious and thorough review of the record, petition this court for leave to withdraw representation if he or she can find no issues of arguable merit on which to base the appeal. Given the less stringent standard of proof required and the quasi-adversarial nature of a termination proceeding in which a parent is not guaranteed the same procedural and evidentiary rights as a criminal defendant, we hold that appointed counsel seeking to withdraw representation must submit an *advocate's* brief, as contemplated in *Anders* [*v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)]....
*Id.* at 1275 (emphasis in original).

reviewing court, in most instances this Court, can address the defendant's contentions. Furthermore, by counsel's not arguing against his or her client, a defendant will not be sandbagged when the counsel appointed by one arm of the Government seems to be helping another to seal his doom.

\* \* \*

While counsel need not raise issues if he believes there are none, he must set forth those issues that the defendant wishes to advance, as well as any other claims necessary to the effective appellate presentation of those issues. It is sufficient if counsel flags those issues, and includes relevant case citations and references to the record.

*Id.* at 1303–04 (internal quotes and citations omitted).

▮ ¶ 6 In this case, counsel's brief resembles a "no-merit" letter filed pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988), cases in which court-appointed counsel in a collateral attack on a conviction under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, seeks to withdraw from representation of a client. "[A] proper *Anders* brief is not the same as a 'no-merit' letter, nor is it intended to serve as a brief in support of counsel's motion to withdraw." *Commonwealth v. Miller*, 715 A.2d 1203, 1208 (Pa.Super.1998). In his brief, appellant's counsel argues there are no meritorious issues that can be raised on appeal and then explains how the termination of appellant's parental rights is proper. The only reference to the issues appellant wishes to advance is counsel's statement, "Appellant Huymaier does not want to lose her parental rights because she wants to see her children and does not want them growing up thinking that she hates [them]." (Appellant's brief at 4.)

¶ 7 Although we find counsel's brief to be wholly inadequate, our independent review of the record (including Judge Cipriani's Memorandum, Opinion, Supplemental Opinion, and Order, and our January 25, 1999, Opinion) indicates that, in fact, appellant has no issues of arguable merit on which she can base an appeal. 23 Pa. C.S.A. § 2511, **Grounds for involuntary termination**, provides:

Grounds for involuntary termination

(a) General rule.—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

\* \* \* \*

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

\* \* \* \*

(b) Other considerations.-The court in terminating the rights of the parent shall give primary consideration to the needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. . . .

23 Pa.C.S.A. § 2511(a), **General rule**, (2), and (b), **Other considerations**. Our Supreme Court stated:

The language of Section 311(2) [of the Adoption Act of 1970, of which Section 2511(a)(2) is a re-enactment] should not, therefore, be read to compel courts to ignore the child's need for a stable home and strong, continuous parental ties, which the policy of restraint in state intervention is intended to protect, where, as here, disruption of the family has already occurred and there is no reasonable prospect for reuniting it without serious emotional harm to the

**1178**

child. In such circumstances, the issue is not whether the state should intrude to disrupt an on-going family relationship, but whether the state should seek to preserve in law a relationship that no longer exists in fact, with the result that the child is consigned indefinitely to the limbo of foster care or the impersonal care of institutions.

*In re William L.*, 477 Pa. 322, 348–49, 383 A.2d 1228, 1241 (1978).

¶ 8 In this case, the preservation of the familial bond between appellant and the children, whose lives have been entrenched in violence, abuse and neglect, is not in their best interests. It is clear appellant's abusive behavior is the result of a long family pattern of violence and abuse. *See* Findings of Fact, 5/28/96, Cipriani, J. She presently is serving a fifteen to thirty-four year prison sentence. The reasons for her incarceration relate directly to the severe abuse inflicted by appellant upon her oldest child, M.L. In addition, both V.G. and P.K. will be legal adults and D.K. will be 16 years old when appellant is first eligible for parole. Appellant has little chance of resuming contact with her children other than in a prison setting at any time during the children's formative years. It also is clear the children are in need of, and desire, stability and consistency in their lives and, as the evidence establishes, appellant is unable to provide such. Despite the fact that counsel's brief does not comport with the requirements of *Anders*, we decline to waste judicial resources and prolong the insecurity of the children. Accordingly, we find the record and the law support the Order of the trial court terminating appellant's parental rights and we grant counsel's motion to withdraw from representation.

¶ 9 Order involuntarily terminating appellant's parental rights affirmed; petition to withdraw as counsel granted.

¶ 10 Jurisdiction relinquished.