J-S54018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.O.S., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: Z.S.S., FATHER | : : : : : : : | |
| | : | No. 870 MDA 2019 |

Appeal from the Decree Entered May 3, 2019
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2018-01841

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 11, 2019**

Z.S.S. (Father) appeals from the trial court's decree involuntarily terminating his parental rights to his minor son, S.O.S. (born 12/2014). Father's counsel has also filed an ***Anders***/***McClendon***[1] brief and accompanying application seeking to withdraw from representing him on appeal.[2]  After careful review, we affirm the termination decree on the basis of the trial court's opinion and grant counsel's application to withdraw.[3]

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

[2] ***See In re V.E.***, 611 A.2d 1267 (Pa. Super. 1992) (extending ***Anders*** briefing requirements to termination of parental rights appeals involving indigent parents represented by court-appointed counsel).

[3] Child was represented by guardian *ad litem*, Jeffrey Gonick, Esquire, and attorney, Pamela J. Breneman, Esquire, at the termination hearing.  ***See*** 23 Pa.C.S. § 2313(a) (children have statutory right to counsel in contested

Child resided with K.F.T. (Mother) and Father for approximately three months following Child's birth. After a physical altercation between Mother and Father, Mother filed a protection from abuse (PFA) petition against Father on February 23, 2015. Father was named as the perpetrator of the abuse. On March 17, 2015, Father filed a custody action against Mother. After a criminal record/abuse hearing held on April 24, 2015, Father was ordered to complete a professional evaluation within 10 days to determine whether Father was a risk of harm to Child. Father was granted supervised partial physical custody pending the outcome of the evaluation; Maternal Grandfather agreed to supervise the visitation. Father never completed the required evaluation.

The court held a hearing on Mother's PFA petition and, on March 25, 2015, made a finding of abuse against Father and entered a final PFA order, effective for one year. No custody provisions were included in the PFA order. Beginning in April 2015, Father visited with Child approximately twice a month for one hour. In later months, the frequency of the visits decreased due to scheduling problems. In 2017, Father's visits with Child decreased to one visit

---

involuntary termination proceedings) and ***In re K.R.***, 200 A.3d 969 (Pa. Super. 2018) (en banc), ***but see In Re: T.S., E.S.***, 192 A.3d 1080, 1092 (Pa. 2018) ("[D]uring contested termination-of-parental-rights proceedings, where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests.").

approximately every three months. Father last visited with Child in October or November 2017.

On August 17, 2018, Mother filed a petition to terminate Father's rights to Child. *See* 23 Pa.C.S. § 2512(a)(1) (parent may file petition to terminate rights of child with respect to other parent). At the same time, Mother's husband, M.A.T. (Stepfather), also filed a petition to adopt Child. *See* 23 Pa.C.S. § 2512(b) (petitioner assumes custody of child until such time child is adopted; petition must contain averment of contemplated adoption). On January 9, 2019, the trial court held a termination hearing at which Father, Mother, and Maternal Grandfather testified. Following the hearing, the court granted Mother's petition to terminate Father's parental rights to Child pursuant to sections 2511 (a)(1)[4] and (b) of the Adoption Act.[5] Father filed a timely notice of appeal and contemporaneous Pa.R.A.P. 1925(a)(2)(i) statement of errors complained of on appeal. Father presents the following issues for our review:

(1)     Whether the [c]ourt erred when it terminated [F]ather's parental rights when the evidence presented showed that [F]ather still had an interest in parenting . . . [C]hild.

---

[4] A parent's rights to a child may be terminated where "[t]he parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties." 23 Pa.C.S. § 2511(a)(1).

[5] 23 Pa.C.S. §§ 2101-2938.

(2)  Whether termination of [F]ather's parental rights was in the best interests of the child.

Appellant's Brief, at 5.

We may not address the merits of Father's appeal without first reviewing counsel's request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). In *V.E.*, *supra*, our Court held:

> Counsel appointed to represent an indigent parent on a first appeal from a decree involuntarily terminating his or her parental rights, may, after a conscientious and thorough review of the record, petition the court for leave to withdraw representation if he or she can find no issues of arguable merit on which to base the appeal. Given the less stringent standard of proof required and the quasi-adversarial nature of a termination proceeding in which a parent is not guaranteed the same procedural and evidentiary rights as a criminal defendant, appointed counsel seeking to withdraw representation must submit an advocate's brief.

611 A.2d at 1275. In *In re Adoption of V.G.*, 751 A.2d 1174 (Pa. Super. 2000), our Court reiterated the requirements counsel must satisfy before being permitted to withdraw in termination appeals: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues in the record of arguable merit; and (3) furnish a copy of the brief to the appellant and advise the appellant of his or her right to retain new counsel or proceed *pro se* and raise any additional points he deems worthy of this Court's review. *Id.* at 1176.

Instantly, counsel has complied with the withdrawal requirements outlined in *V.G.* She has filed a separate petition to withdraw concluding that

the appeal would be frivolous, filed a brief referring to any issues of arguable merit, stated in her brief that she has furnished Father with a copy of the brief, and informed him of his rights in lieu of counsel's representation. Therefore, we find counsel has substantially complied with the withdrawal requirements. ***Commonwealth v. Wrecks***, 934 A.2d 1287 (Pa. Super. 2007) (substantial compliance sufficient to satisfy withdrawal on appeal).

Moreover, based on our own independent review of the certified record, including the notes of testimony from the termination hearing, relevant case law and the trial court opinion, we agree with counsel's assessment that any appeal would be frivolous. Turning to the merits of the issues on appeal, we rely upon the May 3, 2019 opinion, authored by the Honorable James P. Cullen, to affirm the final decree terminating Father's parental rights to Child under 23 Pa.C.S. §§ 2511(a)(1) and (b), where Father has failed to take affirmative steps to maintain a relationship with Child and termination is in the best interests of Child.

Judge Cullen thoroughly and thoughtfully addresses the issues, concluding that: Father only made two attempts to contact Maternal Grandfather for visits with Child from November 2017 to March 2018; since the PFA order against Father expired in March 2016, Father has not reached out to Mother to request visits with Child save for one or two times at the parties' child support hearings; Father has not seen Child since October or November 2017; Father last sent Child a gift in November 2017; Stepfather has filled the void in Child's life created by Father's absence; Mother and

Stepfather can provide Child with the stability, permanency and safety he needs; and termination is in Child's best interests and will promote his developmental, psychological, and emotional welfare.[6]

We advise the parties to attach a copy of Judge Cullen's decision in the event of further proceedings in the matter.

Decree affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2019

---

[6] Both legal counsel for Child and Child's guardian *ad litem* concur that termination is in Child's best interests.