J-A25013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE R. HOBEREK | : | |
| | : | |
| Appellant | : | No. 67 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 10, 2020,
in the Court of Common Pleas of Beaver County,
Criminal Division at No(s): CP-04-CR-0001689-2019.

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: January 19, 2022**

Clarence R. Hoberek appeals from the judgment of sentence imposed following his conviction for DUI and related summary offenses. Additionally, Hoberek's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

Briefly, the facts are as follows. On July 2, 2019, Hoberek rear-ended another vehicle on Midland Road in Beaver County, Pennsylvania. When Officer Eric Cain arrived and spoke with Hoberek, he detected the odor of alcohol. He also observed Hoberek stagger as he approached him. When the officer asked Hobrek if he had been drinking, Hoberek initially said no, but

_____

[*] Retired Senior Judge assigned to the Superior Court.

then admitted to drinking earlier that day. Hoberek was arrested. A blood test revealed Hoberek had a BAC range of .15 to .18 percent. Upon further investigation, Officer Cain also discovered that Hoberek's driver's license was suspended, he was uninsured, and his vehicle was not registered. The officer charged Hoberek with DUI and various summary offenses.

At trial, Hoberek testified and admitted that he was driving the night of the accident and that he had been drinking beforehand. He also did not dispute the blood test result. The jury found him guilty of DUI,[1] and the trial court found him guilty of the summary offenses.

The trial court sentenced Hoberek to 12 to 24 months' incarceration followed by 3 years of probation for the DUI and imposed fines for the summary offenses. Hoberek filed a post-sentence motion, which the trial court denied. No appeal was filed.

Following a *pro se* PCRA petition, the court reinstated Hoberek's direct appeal rights. Hoberek then filed this timely appeal.

Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Hoberek did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding

---

[1] 75 Pa.C.S.A. § 3802(b)

that, when presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious

issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel did not comply with the ***Anders*** requirements. First, counsel did not attach the Notification of Rights letter to his Petition to Withdraw. Instead, he attached it to the ***Anders*** brief as Exhibit F. This Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock,*** 873 A.2d 748, 752 (Pa. Super. 2005). Because it appears counsel properly mailed Hoberek the letter, we will overlook the fact that counsel attached it to the wrong document in the record.

Additionally, counsel's brief does not substantially comport with our standards. A proper ***Anders*** brief "articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 720 (Pa. Super. 2007). Counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa. Super. 1997). While counsel need not raise issues if he believes there are none, he should "flag" those issues and include relevant case citations and references to the record. ***Id.*** at 1304.

Here, counsel merely notes in the "Statement of Place of Raising or Preservation of Issues" section of the brief that Hoberek claims he should not have been convicted because he did not cause the accident. Counsel further states that Hoberek's sentence does not appear to be illegal. Counsel did not identify or properly frame the issues Hoberek wished to raise. Counsel also did not address Hoberek's issues by citing relevant statutes or controlling case law that led him to conclude the appeal is frivolous. *See Santiago*, 978 A.2d at 361.

Nevertheless, we decline to remand the matter for counsel to correct the deficiencies when this would serve no purpose other than to delay resolution of this appeal and waste judicial resources.[2] *See e.g. In re Adoption of V.G.*, 751 A. 2d 1174, 1178 (Pa. Super. 2000). Because we can decipher the issues and they are patently frivolous, this matter presents a rare instance where remand for a proper brief is not necessary.[3] We will address the merits of Hobrek's issues.

Hoberek first claims that there was insufficient evidence to convict him of the various offenses, particularly DUI. Hoberek argues that the evidence

---

[2] We note that prior to reinstatement of Hoberek's direct appeal rights, counsel had filed a petition to withdraw and an *Anders* brief with this Court. However, due to various deficiencies the petition was denied and the brief was stricken.

[3] We direct counsel, in the future, to be more mindful of the Rules of Appellate Procedure and to follow the dictates of *Santiago*.

failed to establish that he caused the accident and therefore should not have been found guilty of DUI. **Anders** Brief at 5.

In reviewing a sufficiency of the evidence claim, this Court:

must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). Any inferences "must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." **Commonwealth v. Scott,** 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." **Id.** "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Diamond,** 83 A.3d 119, 126 (Pa. 2013).

To establish DUI (high rate) the Commonwealth must prove that the defendant: 1) imbibed alcohol; 2) was driving, operating, or in actual physical control of the movement of a vehicle on highway or trafficway; and 3) within two hours after driving, operating or being in physical control of a vehicle, the defendant's BAC was at least .10 percent but less than .16 percent. 75

Pa.C.S.A. § 3802(b); *Commonwealth v. Haight*, 50 A.3d 137, 141 (Pa. Super. 2012).

Here, Hoberek admitted that he had three beers earlier the night of the accident. Witnesses at the scene indicated that Hoberek smelled of alcohol and was unsteady on his feet. Hoberek admitted that he was driving when he rear ended the car in front of him. Finally, the blood test result indicated that Hoberek's BAC exceeded the .10 percent threshold required for a conviction. The evidence further showed that the police complied with the two-hour time frame. These facts were sufficient to establish the elements of DUI (high rate).

Additionally, the trial court found Hoberek guilty of operating a vehicle without insurance, driving while his license was suspended, and using an illegal plate. The trial court noted that Hoberek's "certified driving record established that his driver's license was suspended/revoked; [the officer's] testimony established that [Hoberek] neither had the car properly registered nor insured; and [the officer's] testimony established that a record check revealed that the license plate on [Hoberek's] vehicle was, in fact, registered to a different vehicle." These facts were sufficient to convict Hoberek of the referenced summary offenses. Trial Court Opinion, 3/8/21, at 8.

We therefore conclude that Hoberek's sufficiency claims are frivolous.

Next, we consider whether Hoberek's sentence is illegal. It is unclear whether Hoberek disputes the legality of his sentence, but since counsel briefly referenced this potential issue, we will address it. *See* Hoberek's Brief at 5.

Here, Hoberek was sentenced to 12 to 24 months' incarceration followed by 3 years of probation for his DUI conviction. This was Hoberek's third DUI offense, which made it a first degree misdemeanor. The standard range was 12 to 18 months of incarceration with the maximum sentence being 5 years. Hoberek's sentence was clearly within the permitted parameters, and therefore is legal.

We therefore conclude that Hoberek's sentencing claim is frivolous.

Based upon the foregoing, we conclude that Hoberek's claims on appeal are frivolous. Further, in accordance with **Dempster**, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Consequently, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2022