J-S43024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY PAUL COLES | : | |
| | : | |
| Appellant | : | No. 1277 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 14, 2022,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s):  CP-39-CR-0001199-2021.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 17, 2023**

Gary Paul Coles appeals from his judgment of sentence imposed after he pled guilty to sexual abuse of children.  Additionally, Coles' counsel filed a petition to withdraw representation and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On October 4, 2021, Coles entered an open guilty plea to one count of sexual abuse of children (dissemination of child pornography) and 19 counts of sexual abuse of children (possession of child pornography).[1]  Following a hearing, the trial court sentenced Coles to an aggregate term of 24 to 60 months' incarceration.  No post-sentence motion was filed.

---

[1] 18 Pa.C.S.A. §§ 6312(c) and (d).

Coles filed this timely appeal. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Coles did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw as counsel. Counsel's brief substantially complies with our standards. Additionally, counsel's petition technically satisfies the above requirements: the petition states 1) that counsel made a conscientious review of the record and concluded that there were no meritorious issues and that the appeal was frivolous; and 2) that Coles was sent a copy of both the *Anders* brief and the petition, along with a letter explaining his rights.

However, counsel's letter to Coles misstates his rights. Counsel incorrectly advised Coles that he may "request the appointment of counsel from the Superior Court should you feel that there are reasons for the same." Additionally, in his petition to withdraw, counsel incorrectly advises Coles of a purported right to new counsel "by requesting from the Court the appointment of other alternative counsel, if he should so choose." Nevertheless, we decline to remand the matter for counsel to correct the deficiencies when this would

serve no purpose other than to delay resolution of this appeal and waste judicial resources.[2]  **See e.g. In re Adoption of V.G.**, 751 A2d 1174, 1178 (Pa. Super. 2000).   Because Coles' issue is patently frivolous, this matter presents a rare instance where we decline to remand for a more accurate explanation of his rights.  We will address the merits of Coles' issue.

In the **Anders** brief, counsel sets forth one issue that Coles wishes to raise:  Whether Coles' sentence was manifestly excessive because the trial court focused on the severity of the offense and failed to fully and adequately consider any of the relevant factors set forth in 42 Pa.C.S.A. 9721(b).  **See Anders** Brief at 10.  This issue challenges the discretionary aspects of Coles' sentence.  "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."  **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).  This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

---

[2] We note that Coles did not request the appointment of counsel with this Court.  Thus, counsel's advice did not mislead Coles.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Coles has satisfied the first and third requirements of *Colon*. However, upon review of the record, we observe that Coles failed to file a post-sentence motion or raise the issue with the trial court at sentencing. Because Coles failed to preserve a discretionary aspects of sentence issue either in a post-sentence motion or at the time of sentencing, he waived his discretionary aspects of sentencing issue on appeal. "An issue that is waived is frivolous." *Commonwealth v. Tukhi*, 149 A.3d 881, 888–89 (Pa. Super. 2016); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous."). Coles' sentencing issue is frivolous.

Furthermore, as required by *Anders*, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record discloses no other non-frivolous issues that Coles could raise that counsel overlooked. *See Dempster*, *supra*.

Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2023