J-S07022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
           v.   :
  :
  :
CHRISTOPHER BETANCOURTH   :
  :
      Appellant   :   No. 1997 EDA 2022

Appeal from the Judgment of Sentence Entered September 13, 2017,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0004143-2016,
CP-39-CR-0004144-2016, CP-39-CR-0004145-2016,
CP-39-CR-0004272-2016.

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:       **FILED NOVEMBER 14, 2023**

Christopher Betancourth appeals from the judgment of sentence imposed after he pled guilty to several offenses, including two robberies at gun point. Additionally, Betancourth's counsel asked to withdraw representation and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

The trial court summarized the facts as follows:

[O]n May 25, 2016, [Betancourth] sold two gold necklaces at Pawn Plus, located at 636 N. 7th Street, Allentown, Lehigh County, Pennsylvania. The necklaces were linked back to a burglary from earlier the same day. Pawn Plus employees identified [Betancourth] as the person who pawned the necklaces.

[O]n August 6, 2016, [Betancourth] entered the Chez Elle di Bellanza Hair Salon, located at 45 S. Jefferson Street, Allentown,

Lehigh County, Pennsylvania, wearing a hooded sweatshirt and a mask. Once inside, Defendant pointed a gun at victims who worked there and demanded money. The employees gave him money from the cash register. He also took a purse. In total, $900.00 was stolen during this incident. [Betancourth] subsequently gave a **_Mirandized_** statement confessing to this robbery.

On August 11, 2016, [Betancourth] entered the Tiffany Nail Salon located at 554 Hanover Avenue in Allentown, Lehigh County, Pennsylvania. According to employees, [Betancourth] entered, pointed a gun at them, and took money from the register totaling $220.00.

Trial Court Opinion, 9/1/22, at 2-3.

Betancourth was arrested on August 17, 2016, based in part on the May 25, 2016, incident where Betancourth pawned stolen jewelry. The police found a Glock 9mm semi-automatic handgun on the floor of the vehicle he had been driving. Betancourth was a person prohibited from possessing a firearm and did not have a license to carry. He was charged with multiple offenses.

On July 26, 2017, Betancourth pled guilty in four separate cases to persons not to possess a firearm, robbery (two cases), and receiving stolen property.[1] On September 13, 2017, the trial court sentenced Betancourth to an aggregate term of 6 1/2 to 14 years' incarceration. Betancourth did not file a post-sentence motion or an appeal at that time.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 3701(a)(1)(ii), and 3925(a).

Ten months later, on July 12, 2018, Betancourth filed a timely Post Conviction Relief Act[2] petition. The court appointed counsel, who filed a motion to withdraw as counsel pursuant to a **Turner/Finley**[3] "no merit" letter, which was granted. Subsequently, the PCRA court held a hearing on the merits of Betancourth's petition without him being represented. On November 21, 2018, the court denied his petition.

On December 7, 2018, Betancourth filed a *pro se* "motion to rescind/vacate the court's order and appoint counsel, reinstate his post-sentence/direct appeal rights, and withdraw his guilty plea due to ineffectiveness of counsel."[4] On December 11, 2018, the trial court denied this motion. That same day, Betancourth appealed the court's order denying him PCRA relief.

On appeal, this Court reversed. The PCRA court erred when it held an evidentiary hearing on the merits of Betancourth's petition without appointing counsel to represent him or determining whether he waived that right and wanted to proceed *pro se*. Consequently, we remanded for the court to do so.

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] This motion was noted on the docket as a "post-sentence motion."

Upon remand, counsel was appointed and filed an amended petition. Following the second PCRA hearing, the court granted Betancourth relief and reinstated his direct appeal rights.

Betancourth filed this timely appeal.[5] Counsel filed an ***Anders*** brief and a request to withdraw as counsel. Upon review, however, we determined that counsel did not comply with the procedural requirements for withdrawing. Consequently, we denied counsel's initial request to withdraw and remanded with instructions for counsel to comply with the rules to ensure Betancourth had notice of his rights.

Thereafter, counsel renewed his request with this Court to withdraw as counsel and refiled an ***Anders*** brief. Betancourth did not retain independent counsel or file a *pro se* response to the ***Anders*** brief.

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super.

---

[5] Contrary to the express language of newly amended Pa.R.A.P. 902, Betancourth did not file a separate notice of appeal "in each docket in which the order has been entered." Rule 902(a). Because this defect does not affect the validity of this appeal, we have the discretion to take whatever action we deem appropriate, including "a remand of the matter to the trial court so that the omitted procedural step may be taken." ***Id.*** We choose to overlook this procedural defect.

2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

This time, counsel filed a petition to withdraw representation with this Court, separate from his brief, in which he indicates that he reviewed the record and concluded that Betancourth's appeal is frivolous. Further, counsel filed a new *Anders* brief which indicates that a copy of it was sent to Betancourth. The brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. However, the record does not include a copy of a new letter, if any, informing Betancourth that counsel intends to seek permission to withdraw and that Betancourth may raise additional claims, which counsel omitted from his prior letter.

Nevertheless, we decline to remand the matter again for counsel to correct this deficiency when it would serve no purpose other than to delay resolution of this appeal and waste judicial resources. *See e.g. In re Adoption of V.G.*, 751 A.2d 1174, 1178 (Pa. Super. 2000). Because Betancourth's issue is patently frivolous, this matter presents a rare instance where we decline to remand for a more accurate explanation of his rights. As such, we will analyze the sole issue raised and conduct our independent review to determine whether Betancourth's appeal is wholly frivolous.

In the *Anders* brief, counsel sets forth one issue that Betancourth wishes to raise: Whether Betancourth should be permitted to withdraw his guilty plea. *Anders* Brief at 10.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to

withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa. Super. 2013); Pa.R.Crim.P. 720. Failing to do so generally results in the waiver of the issue on appeal. ***Lincoln***, 72 A.3d at 610.

Upon review of the record, we observe that Betancourth failed to do either. Although Betancourth indicated at his initial sentencing hearing that he was contemplating withdrawing his guilty plea, no motion was made to withdraw it. N.T., 9/11/17, at 2, 3. Ultimately, Betancourth decided to accept his plea, and the court sentenced him. N.T., 9/13/17, at 2. Afterwards, Betancourth did not file a post-sentence motion. As such, Betancourth failed to preserve his ability to challenge the validity of his guilty plea.

Unless Betancourth raised this issue in his original PCRA and his post-sentence rights were reinstated, this issue is waived. Further review of the record reveals, however, they were not. In both of his PCRA petitions, Betancourth only requested reinstatement of his direct appeal rights and not reinstatement of his post-sentence rights. Betancourth's issue, therefore, is waived.[6]

---

[6] Although Betancourt filed a document titled "post-sentence motion" on the docket in 2018, this was not a proper motion under Pennsylvania Rule of Criminal Procedure 720. Thus, Betancourth's request therein that his post-sentence motion rights be reinstated, was procedurally improper and not considered at that time.

Because it is waived, the issue is frivolous under **Anders**. **See Commonwealth v. Tukhi**, 149 A.3d 881, 888–89 (Pa. Super. 2016); **see also Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous.").

However, even if Betancourth's issue was not waived, we still would conclude that it is frivolous. To be valid, a guilty plea must be voluntary, knowing, and intelligent. **Commonwealth v. Persinger**, 615 A.2d 1305 (Pa. 1992). There are six relevant areas of inquiry which, at a minimum, must be addressed at a guilty plea colloquy. These areas are as follows:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590. A reviewing court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. **Commonwealth v. Muhammad**, 794 A.2d 378 (Pa. Super. 2002).

Here, the plea hearing record indicates that, originally, Betancourth intended to reject the Commonwealth's plea offer. However, he unexpectedly changed his mind and indicated he wanted to accept the offer. N.T., 7/26/17, at 2, 7. Thereafter, the trial court addressed the six required areas through oral colloquy of Betancourth. He did not hesitate at any time when he responded to any of the questions. *Id.* 9-11. Additionally, Betancourth signed the written colloquies. *Id.* at 14.

Additionally, as the trial court noted at the plea hearing, the Commonwealth's offer was very good. The Commonwealth agreed to cap the minimum sentence at the top of the standard range, which was 78 months or 6.5 years, a substantial reduction from its previous offer of 10 years. *Id.* at 6. The court also observed that the plea was generous given that consecutive sentences totaling at least 20 years could be imposed if Betancourth went to trial. However, the Commonwealth agreed to concurrent sentences which resulted in a significantly lesser aggregate sentence. *Id.* at 6-7.

Furthermore, at sentencing, Betancourth initially indicated that he wanted to withdraw his plea. He was given extra time to consider his options and decided to proceed. *See* N.T., 9/11/17, at 2, 3; N.T., 9/13/17, at 2. Given the totality of the circumstances surrounding this, if Betancourth had preserved this issue, we would conclude that his plea was valid under Criminal Rule 590.

Based upon the foregoing, we conclude that Betancourth's sole claim on appeal is frivolous. Further, in accordance with *Dempster*, we have

independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Consequently, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023