J-A10044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF E.A.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2978 EDA 2024 |

Appeal from the Decree Entered October 3, 2024
In the Court of Common Pleas of Delaware County Orphans' Court at
No(s): 0051-2023-A

BEFORE:   PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED MAY 2, 2025**

J.R. (Mother) appeals from the order, entered in the Court of Common Pleas of Delaware County, involuntarily terminating her parental rights to her child, E.A.W. (Child) (born 01/21).  Counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).[1]  After review, we deny counsel's petition to withdraw and direct counsel to file either a compliant ***Anders*** brief or an advocate's brief.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See In re V.E.***, 611 A.2d 1267, 1275 (Pa. Super. 1992) (extending ***Anders*** briefing requirements to termination of parental rights appeals involving indigent parents represented by court-appointed counsel); ***In re X.J.***, 105 A.3d 1, 3 (Pa. Super. 2014) (same).

A lengthy review of the facts of this case is unnecessary at this stage. Briefly, after a termination hearing[2] at which, *inter alia*, Mother testified, the court found clear and convincing evidence to involuntarily terminate Mother's parental rights with respect to Child. On October 3, 2024, the trial court entered a decree terminating Mother's parental rights pursuant to 23 Pa.C.S. §§ 2511(a)(1), (2), (5), and (b) of the Adoption Act.[3]

Mother filed a timely notice of appeal. On December 16, 2024,[4] counsel for Mother, Kimberly J. Krzyzaniak, Esquire, filed a petition to withdraw, as well as an accompanying **Anders** brief.[5] On February 13, 2025, this Court

---

[2] At the termination hearing, Robert A. Turco, Esquire, represented Child's legal interests, and best interests. **See** 23 Pa.C.S. § 2313(a); **see also In Re: T.S.**, 192 A.3d 1080, 1092 (Pa. 2018) ("[D]uring contested termination-of-parental-rights proceedings, where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests."). The trial court specifically determined counsel could represent Child's legal and best interests. **See** Order, 10/3/24, at 12 (unpaginated).

[3] 23 Pa.C.S. §§ 2101-2938.

[4] The following day, on December 17, 2024, this Court issued an order, noting that Attorney Krzyzaniak incorrectly filed an **Anders** brief and accompanying petition to withdraw in the trial court rather than in this Court, and further, that on November 24, 2024, the trial court improperly granted withdrawal. Accordingly, this Court ordered the trial court to vacate the grant of withdrawal, file a supplemental certified record that includes that order, and further ordered Attorney Krzyzaniak to file a compliant brief under **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). On January 3, 2025, counsel filed an **Anders** brief and application to withdraw in this Court.

[5] Pursuant to Pa.R.A.P. 1925(c)(4):
*(Footnote Continued Next Page)*

entered an order, directing that, because Attorney Krzyzaniak failed to attach to the petition to withdraw a letter to Mother informing Mother of the right to retain new counsel to pursue the appeal, proceed *pro se* on appeal, or raise any additional points that Mother deems worthy of this Court's consideration in addition to those raised in the **Anders** brief, Attorney Krzyzaniak must comply with that requirement.[6]  On February 25, 2025, Attorney Krzyzaniak filed a letter to J.R. in this Court, enclosing the notice of appeal, order from which the appeal is taken, counsel's petition to withdraw, and her **Anders** brief, and advising J.R. of her rights to retain new counsel, proceed *pro se*, or raise additional points, including her right to respond to counsel's **Anders**

_____

> If counsel intends to seek to withdraw in a criminal case pursuant to **Anders**/**Santiago** or if counsel intends to seek to withdraw in a post-conviction relief appeal pursuant to **Turner**/**Finley**, counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a [Rule 1925(b)] Statement.

Pa.R.A.P. 1925 (c)(4).  **See In the Interest of J.T.**, 983 A.2d 771 (Pa. Super. 2009) (where **Anders** procedure from criminal proceedings has been applied to parental termination cases, parent's counsel acted appropriately by following Rule 1925(c)(4) in appeal from decision terminating parental rights to child).

[6] **See Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa. Super. 2014) ("Counsel also must provide a copy of the **Anders** brief to the appellant. Attending the brief must be a letter that advises the appellant of his or her right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.") (citations and quotation marks omitted); **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005) (prudent course is to require counsel to attach to petition to withdraw copy of letter sent to appellant advising of his or her rights).

brief. On February 26, 2025, this Court deferred review of Attorney Krzyzaniak's motion to withdraw to the merits panel.

When counsel seeks to withdraw pursuant to **Anders** and its progeny, this Court may not review the appeal's merits prior to counsel's request to withdraw. **See In re Adoption of M.C.F.**, 230 A.3d 1217, 1219 (Pa. Super. 2020); **see also Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted).

In **In re V.E.**, **supra**, our Court stated:

> Counsel appointed to represent an indigent parent on a first appeal from a decree involuntarily terminating his or her parental rights, may, after a conscientious and thorough review of the record, petition this [C]ourt for leave to withdraw representation if he or she can find no issues of arguable merit on which to base the appeal. Given the less stringent standard of proof required and the quasi-adversarial nature of a termination proceeding in which a parent is not guaranteed the same procedural and evidentiary rights as a criminal defendant, th[is C]ourt holds that appointed counsel seeking to withdraw representation must submit an **Anders** brief.

**Id.** at 1275. Moreover, we held that "any motion to withdraw representation, submitted by appointed counsel, must be accompanied by an *advocate's brief*, and not the *amicus curiae* brief delineated in **McClendon**." **Id.** (emphasis in original); **see also In re Adoption of R.I.**, 312 A.2d 601, 602 (Pa. 1973) ("logic behind" criminal defendant's entitlement to representation by counsel

- 4 -

at any proceeding that may lead to deprivation of substantial rights "is equally applicable" to case involving indigent parent faced with loss of child).

To withdraw, counsel must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the [**Anders**] brief to the [appellant]; and (3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citations omitted); **see also In re Adoption of V.G.**, 751 A.2d 1174, 1176 (Pa. Super. 2000) (reiterating requirements counsel must satisfy for grant of permission to withdraw in termination appeals).

With respect to the third **Anders** requirement, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to [his or her] petition to withdraw a copy of the letter sent to [the] client advising him or her of their rights." **Millisock**, 873 A.2d at 752.

An **Anders** brief must also comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. *Counsel should articulate the relevant facts of record,*

- 5 -

*controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous*.

***Santiago***, 978 A.2d at 361 (emphasis added). Finally, this Court must "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted).

In the ***Anders*** brief, counsel sets forth the issues for our review as follows:

> A. Whether the trial court abused its discretion and erred as a matter of law in proceeding with the adoption matter when no final custody order had been entered at the time the petition for adoption began?
>
> B. Whether the trial court abused its discretion and erred as a matter of law in proceeding with the trial for involuntary termination of parental rights before the appeal period had run on the final order of custody?
>
> C. Whether the trial court abused its discretion and erred as a matter of law by not looking at the entire record to determine whether Mother had done everything she could to continue to see the child?
>
> D. Whether the trial court abused its discretion and erred by finding it was in [Child's] best interest [] to terminate the biological Mother's parental rights?

***Anders*** Brief, at 5 (unnecessary capitalization omitted).

Instantly, counsel filed a petition to withdraw and provided a copy of the letter sent to Mother, notifying her that counsel is requesting to withdraw, attached a copy of the ***Anders*** brief, including the petition to withdraw, and informed Mother of her rights to retain new counsel or proceed *pro se* and raise any additional issues worthy of this Court's consideration.

However, our review of counsel's petition and *Anders* brief reveals that these filings do not meet the fourth *Santiago* requirement, namely, that counsel's *Anders* brief does not set forth the reasons for concluding that the appeal is frivolous by identifying the relevant facts of record, controlling case law, and/or statutes leading to the conclusion that the appeal is frivolous.[7] *See Santiago*, 978 A.2d at 360 ("Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and **counsel's references to anything in the record that arguably supports the appeal**.") (emphasis added); *id.* at 355-56 ("[C]ounsel must consistently serve the client's interest to the best of his or her ability. Only after such an evaluation has led counsel to the conclusion that the appeal is 'wholly frivolous' is counsel justified in making a motion to withdraw.") (citation omitted).

Accordingly, we deny counsel's petition for leave to withdraw. We direct counsel to file either (1) an *Anders* brief that conforms to the requirements set forth in *Santiago*, *supra*; or (2) an advocate's brief on Mother's behalf within 21 days from the date of this decision. If counsel files an advocate's brief, Appellees shall have 21 days thereafter to file a responsive brief. If Appellees file a responsive brief, Mother shall have 7 days thereafter to file a reply brief. In the alternative, if counsel files an *Anders* brief, Mother shall

_____

[7] Although counsel summarizes the trial court's findings, counsel fails to set forth, with record citations, the reasons for concluding that Mother's appeal is frivolous.

- 7 -

have 21 days thereafter to file a response. We direct counsel to work as expeditiously as possible to comply with these instructions.

Petition to withdraw denied with instructions. Panel jurisdiction retained.