575 A.2d 628

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles Henry GEE, III, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 1990.

Filed May 24, 1990.

278

Charles H. Gee, III, pro se.

David A. Schroeder, Erie, for appellee.

Before TAMILIA, HOFFMAN and CERCONE, JJ.

TAMILIA, Judge:

Appellant Charles Henry Gee, III, brings this appeal from judgment of sentence entered August 17, 1989, after appellant pled guilty to two counts of burglary [1] and one count of criminal conspiracy,[2] and was sentenced a total term of three to six years imprisonment and fifteen years consecutive probation. In addition to the appeal, we have for our consideration a Petition for Leave to Withdraw as Counsel filed by appellant's counsel, Michael Cauley, which must be decided prior to review of the appeal on its merits.

Mr. Cauley states he has made a review of the record in this case, communicated with his client with respect to issues which might be raised, and now certifies to this Court that an appeal in this case would be frivolous and without arguable merit, and therefore seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

In order to satisfy the requirements of *Anders*, the following requirements must be met. Counsel must (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise any additional points he deems worthy of this Court's review. *Commonwealth v. McFarland*, 386 Pa.Super. 91, 562 A.2d 369 (1989).

On January 11, 1990, counsel properly filed a petition with this Court, asserting that he had: communicated with appellant concerning any complaint appellant may have had with the handling of his case; interviewed appellant with respect to the status of his case as well as any issues he would want raised on appeal; reviewed appellant's

1. 18 Pa.C.S. § 3502.
2. *Id.,* § 903.

280

responses thoroughly in light of the applicable law and the complete record; and researched all appropriate areas of the law and issues raised. On the basis of the foregoing activity, counsel in his petition further asserted that the instant appeal would be frivolous. Contemporaneously with the filing of his petition to withdraw, counsel also filed with this Court a brief containing any issues in the record which he believed to have arguable merit. He simultaneously furnished appellant with copies of both the petition and the brief enclosed with a letter dated January 10, 1990 advising appellant of his right to retain new counsel or raise any additional points he deems worthy of the Court's attention.

We have reviewed the matters submitted by counsel and find he has complied with *Anders*. We are left then to make a full examination of the proceedings and make an independent judgment as to the merits of the case. *Anders, McClendon, supra.* Having done so, we find no issues of arguable merit and find the case to be wholly frivolous. *Anders, supra.* As to the sole issue raised by appellate counsel, *see* discussion infra. Cf. *Commonwealth v. Maple*, 385 Pa.Super. 14, 559 A.2d 953 (1989) (a collateral appeal in the nature of a PCHA proceeding where this Court held that when appellant has neither filed a pro se brief with this Court nor in any way responded to counsel's letter advising him of the petition to withdraw, we need consider only the issues raised by counsel).

The proper contents of *Anders* briefs have been the subject of much confusion in this Commonwealth, due in large part to the conflict perceived by the *McClendon* Court "between the requirements that counsel seeking leave to withdraw find that an appeal is 'wholly frivolous' while filing a brief that referred to 'anything in the record that might arguably support the appeal.' *Id.*, 495 Pa. at 471–73, 434 A.2d at 1187–88." *Commonwealth v. Thomas*, 354 Pa.Super. 87, 89, 511 A.2d 200, 202 (1986). In the case at bar, however, we find counsel has satisfied the requirements of *Anders* and its progeny in affording appellant his constitutional right to counsel and providing this Court the

basis upon which to decide if the appeal is, in fact, frivolous. *Id.*, 354 Pa.Superior Ct. at 89–90, 511 A.2d at 202–03.

■ We are left, then, to determine independently the merits of appellant's claim, inasmuch as counsel's right to withdraw is dependent upon our finding that the appeal is wholly frivolous. *Commonwealth v. Bradley*, 320 Pa.Super. 504, 467 A.2d 826 (1983). Appellant's sole argument on appeal is the sentencing court's comments during appellant's plea colloquy indicated a bias and/or lack of impartiality such that the court erred in failing to recuse itself prior to sentencing.

At the plea hearing on July 3, 1989, the following colloquy occurred between appellant and the court:

THE COURT: Do you have a prior record?

MR. GEE: Yes, sir.

THE COURT: As a juvenile?

MR. GEE: Yes, sir.

THE COURT: How about as an adult?

MR. GEE: No, sir.

THE COURT: Didn't you get the message as a juvenile, Mr. Gee?

MR. GEE: Yes, sir.

THE COURT: It wasn't that strong though?

MR. GEE: It wasn't really that.

THE COURT: Well, we'll try and make it stronger this time, Mr. Gee....

(N.T., 7/3/89, p. 19.)

Appellant argues the foregoing exchange evidenced a predilection by the court to impose a harsh sentence without benefit of viewing the presentence report.

■ The party asserting a judge must be disqualified bears the burden of producing evidence establishing bias, prejudice or unfairness necessitating recusal. *Commonwealth v. Darush*, 501 Pa. 15, 459 A.2d 727 (1981). Further, it is well established sentencing is a matter within the sound discretion of the trial court and will not be disturbed

unless it is outside the statutory limits or manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Semuta*, 386 Pa.Super. 254, 562 A.2d 894 (1989). Neither situation exists in the instant case.

Appellant was sentenced within the mitigated range of the sentencing guidelines on the first count, and within the standard range of the guidelines on the second and third counts. 42 Pa.C.S. § 9721. Moreover, the court stated at sentencing:

I have not and I'll state for the record and did not determine what I was going to sentence Mr. Gee to at the time of the plea colloquy. I did want him to know at the time of the colloquy, which I did, it would be a little stronger than the juvenile courts.

(N.T., 8/17/89, p. 7.)

Based on the above, we find the issue preserved by counsel, while possibly of arguable merit, has not been established by appellant to result in bias or prejudice which would require the judge to recuse himself. Although appointment of new counsel to argue this issue would be permitted under *Anders, supra,* such an appointment, and subsequent argument, would be of no avail. The sentence was well within acceptable limits and, therefore, cannot be said to be an abuse of discretion.

We, therefore, agree with counsel the appeal is frivolous and permit him to withdraw.

Petition for leave to withdraw as counsel granted.

Judgment of sentence affirmed.