575 A.2d 936

**COMMONWEALTH of Pennsylvania**

v.

**David M. SAUNDERS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 1990.

Filed May 24, 1990.

348

David M. Saunders, appellant, pro se.

Claire C. Capristo, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before TAMILIA, HOFFMAN and CERCONE, JJ.

TAMILIA, Judge:

This is an appeal from the judgment of sentence imposed on August 22, 1989, following appellant's probation revocation. In addition to the appeal, we have before us a Petition for Leave to Withdraw as Counsel and For an Extension of Time to Afford the Appellant Opportunity to File a Pro Se Brief or to Retain New Counsel, which was filed by appellant's counsel along with an *Anders* brief. This petition must be decided prior to review of the issues raised on appeal by counsel as having arguable merit.

Appellant's counsel seeks to withdraw from this appeal under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). In order to satisfy the requirements of *Anders*, the following requirements must be met. Counsel must (1) petition the court for leave to withdraw stating that after making a conscientious ex-

amination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise any additional points he deems worthy of this Court's review. *Commonwealth v. McFarland,* 386 Pa.Super. 91, 562 A.2d 369 (1989).

On January 23, 1990, counsel properly filed a petition with this Court, asserting she had reviewed the complete record in light of the applicable law and researched all appropriate areas of the law and issues raised. On the basis of the foregoing activities, counsel further asserts the instant appeal is "totally frivolous and lacks merit." Contemporaneously with the filing of her petition to withdraw, counsel also filed with this Court a brief referring to the sole issue in the record of arguable merit. She furnished appellant with copies of both the petition and the brief, enclosing them with a letter dated January 22, 1990 advising appellant of his right to retain new counsel or raise any additional points he deems worthy of the Court's attention.

We have reviewed the matters submitted by counsel and find she has complied with *Anders.* Moreover, we have made an independent review of the record,[1] including the one issue counsel has indicated was possibly of arguable merit (*see* discussion infra) and believe appellant has not overcome the frivolousness of the case. *Anders, McClendon, supra. See Commonwealth v. Gee,* 394 Pa.Super. 277, 575 A.2d 628 (1990). Because appellant has failed to respond or contact this Court in the three months since he received counsel's letter, we will not grant counsel's request for an additional 30 days to afford appellant the opportunity to file a pro se brief or retain new counsel.

1. Cf. *Commonwealth v. Maple,* 385 Pa.Super. 14, 559 A.2d 953 (1989), where this Court held where appellant has neither filed a pro se brief with this Court nor in any way responded to counsel's letter advising him of the petition to withdraw, we need consider only issues raised by counsel.

■ Where counsel has moved to withdraw his or her appearance due to the allegedly frivolous nature of an appeal, the prisoner must be given a reasonable opportunity to respond to that motion by securing substitute counsel or filing a pro se brief. *Maple, supra.* While the Rules of Appellate Procedure provide the answer to an application for relief should be filed within 14 days, Rule 123(b) also provides the court may shorten or extend the time for answering any application. No perceptible reason exists for extending the time for action by an appellant when invariably, as here, months have passed without response. In any event, if a response is received suggesting justification for an extension of time, it is within the Court's power to honor such a request if it is meritorious. The pro forma request by present counsel has no merit, and we therefore deny counsel's petition for extension of time.

Finding counsel has satisfied the requirements of *Anders* and its progeny, we are left to determine independently the merits of appellant's claim, inasmuch as counsel's right to withdraw is dependent upon our finding that the appeal is wholly frivolous. *Gee, supra; Commonwealth v. Bradley,* 320 Pa.Super. 504, 467 A.2d 826 (1983). Appellant's sole argument on appeal is that the probation revocation hearing was untimely.

On March 16, 1989, while on probation for a 1984 theft conviction, appellant pled guilty to two counts of burglary, two counts of theft by unlawful taking, receiving stolen property and criminal conspiracy, and was sentenced to two concurrent terms of imprisonment of two to four years. As a result of his new convictions, a revocation hearing was scheduled for appellant on August 22, 1989. Appellant's probation was revoked at that time, and an additional consecutive sentence of two to four years imprisonment was imposed.

■ Although a revocation hearing is required to be held "as speedily as possible," Pa.R.Crim.P. 1409, this Court has construed the rule to require a hearing within a reasonable time. *Commonwealth v. McCain,* 320 Pa.Super. 394, 467

A.2d 382 (1983). In evaluating the reasonableness of the delay, the Court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. *Id.*

■ The length of the delay in this case is an established fact, but a five-month delay is not in and of itself unreasonable. *Commonwealth v. Dubuisson*, 303 Pa.Super. 145, 449 A.2d 620 (1982). As for the reason for the delay, appellant blamed the probation officer, who was unavailable previously for a hearing because of armed forces reserve duty, as well as the hearing court, who had scheduling conflicts due to presiding over civil as well as criminal cases (N.T. 8/22/89, pp. 7–9, 15). The Commonwealth did not dispute these allegations. Therefore, the only issue was whether appellant was prejudiced by the delay.

In discussing this issue, our Supreme Court recently stated:

> Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty. *Commonwealth v. Dickens*, 327 Pa.Super. 147, 475 A.2d 141 (1984); *Commonwealth v. Ballard*, 292 Pa.Super. 129, 436 A.2d 1039 (1981).

*Commonwealth v. Marchesano*, 519 Pa. 1, 7, 544 A.2d 1333, 1336 (1988).

Although the court invited appellant to cite any possible prejudice he may have suffered or any program he was prevented from entering, appellant was unable to do so (N.T., pp. 10–11, 15).

As in *Marchesano*, appellant pled guilty to the charges which constituted the probation violations, negating the

issue of lost witnesses or lost evidence. Further, appellant was already incarcerated as a result of convictions on the new charges. "Therefore, this was not a situation where a person was subject to incarceration as a result of any delay in the revocation of probation hearing. These factors render hollow any claim of prejudice...." *Id.*, 519 Pa. at 8, n. 4, 544 A.2d at 1337, n. 4.

Based on the above, we find the issue preserved by counsel, which she believed to be of arguable merit, has not been established by appellant to have prejudiced him thereby removing the timeliness of the revocation hearing from the realm of frivolousness. We, therefore, agree with counsel that the case is frivolous, and based on our independent review, having determined appellant's sole claim on appeal is without arguable merit *and* the case is frivolous, we grant counsel's request to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted.

Petition for extension of time denied.

Judgment of sentence affirmed.