J. S17041/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GEORGE GILLARD, | : | No. 612 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 5, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010234-2010

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 15, 2019**

George Gillard appeals from the January 5, 2017 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following the revocation of his probation and imposition of a new sentence.  After careful review, we affirm.

The trial court set forth the following procedural history:

> On October 13, 2010, [appellant] was arrested and charged with, inter alia, aggravated assault, criminal conspiracy, and possessing instruments of crime.[1] On May 13, 2013, [appellant] entered into a negotiated guilty plea and was sentenced, in accord with the plea agreement, to 11½ to 23 months['] incarceration followed by 7 years['] probation.
>
> Subsequently, while on probation, [appellant] was arrested in early 2015 in Delaware County on four counts of possession with intent to deliver

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903, and 907(a), respectively.

(PWID)[Footnote 4]. On June 30, 2015, [appellant] [pled] guilty to the PWID charges and was sentenced to 18 to 36 months['] incarceration followed by 1 year of probation.

> [Footnote 4] Pursuant to 35 P.S. § 780-113(a)(30).

[Appellant's violation of probation ("VOP")] hearing was originally scheduled for February 11, 2015, but was administratively continued five[Footnote 5] times due to "open bills[."] The VOP hearing was ultimately held on October 7, 2016, where the [trial court] found [appellant] in direct violation of probation, and revoked his probation. The [trial court] ordered a pre-sentence investigation (PSI) report in advance of sentencing.

> [Footnote 5] Continuances occurred on: February 11, 2015; July 1, 2015; November 12, 2015; May 11, 2016; and July 22, 2016.

At the conclusion of his VOP sentencing hearing on January 5, 2017, [appellant] was sentenced to 3 to 7 years on the initial aggravated assault charge and a consecutive 3 to 7 years on the criminal conspiracy charge, resulting in an aggregate sentence of 6 to 14 years['] incarceration for the direct violation of probation. [Appellant] filed a motion to reconsider on January 17, 2017, which was denied on March 29, 2017.

On April 25, 2017, [appellant] filed an untimely[Footnote 6] direct appeal to the Superior Court of Pennsylvania at 1634 EDA 2017. On December 11, 2017, the Superior Court dismissed [appellant's] direct appeal as untimely. In the interim, [appellant] filed a [Post Conviction Relief Act[2]] petition on December 4, 2017, seeking restoration of his direct appellate rights ***nunc pro***

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

> ***tunc***. The [trial court] granted [appellant's] petition on January 17, 2018.
>
> > [Footnote 6] Pursuant to Pa.R.Crim.P. 720(A)(3), in the event [appellant] fails to file a post-sentence motion within 10 days of sentencing, [appellant's] notice of appeal must be filed within 30 days of sentencing. In this case, [appellant] failed to file a post-sentence motion within 10 days, thus rendering his notice of appeal on April 25, 2017 untimely.
>
> On February 7, 2018, [appellant] timely filed the instant appeal. On February 12, 2018, the [trial court] filed and served on [appellant] an order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [appellant] to file and serve a statement of errors complained of on appeal within twenty-one days of the [trial court's] order. On March 2, 2018, [appellant] timely filed his 1925(b) statement.

Trial court opinion, 8/15/18 at 1-3 (footnotes 1-3 and extraneous capitalization omitted). On August 15, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> 1. Was [a]ppellant's cumulative sentence of 6 to 14 years['] incarceration for a violation or [sic] probation an abuse of the trial court's discretion?
>
> 2. Was [a]ppellant prejudiced by the lower court's failure to sentence him in a timely manner in accordance with Pa.R.Crim.P. 708?

Appellant's brief at 4.

In his first issue, appellant contends that the trial court abused its discretion by imposing a manifestly excessive sentence. (*Id.* at 9.) Put another way, appellant raises a challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa.Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Id.*** (citation omitted).

***Commonwealth v. Padilla-Vargas***, 204 A.3d 971, 975 (Pa.Super. 2019).

Here, appellant failed to include a separate section of his brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence and the Commonwealth raised an objection. (Commonwealth's brief at 5-6.) Accordingly, appellant waives his first issue on appeal. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004) (holding that an appellate court is precluded from conducting appellate review if the Commonwealth objects to the omission of a Rule 2119(f) statement).

In his second issue, appellant contends that appellant suffered prejudice due to the trial court's untimely revocation of probation and sentencing. (Appellant's brief at 11-12.) Appellant's entire argument pertaining to prejudice is as follows: "Appellant was prejudiced by the delay because he was unable to present witnesses on his behalf and suffered unnecessary incarceration." (*Id.* at 12.)

> [Pennsylvania Rule of Criminal Procedure] 708 provides in relevant part:
>
> (B)    Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> > (1)    a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
> >
> > (2)    a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.
>
> Pa. R.Crim.P. 708(B)(1), (2).
>
> The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. ***Commonwealth v. Saunders***, [] 575 A.2d 936, 938 ([Pa.Super.] 1990). Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. ***Commonwealth v. McCain***, [] 467 A.2d 382, 383

([Pa.Super.] 1983). The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing. *Id.*

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. *Saunders*, *supra*. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. *Commonwealth v. Bischof*, [] 616 A.2d 6, 8 ([Pa.Super.] 1992). Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty. *Commonwealth v. Marchesano*, [] 544 A.2d 1333, 1336 ([Pa.] 1988).

*Commonwealth v. Clark*, 847 A.2d 122, 123-124 (Pa.Super. 2004).

Here, appellant pled guilty to PWID in Delaware County on June 30, 2015. The trial court did not hold appellant's VOP hearing until October 7, 2016. The record, however, reflects that appellant was incarcerated for the entire period of the delay as a result of the PWID conviction. (*See* trial court opinion, 8/15/18 at 2.) Moreover, appellant did not dispute that he violated his probation. (Notes of testimony, 10/7/16 at 6.) Therefore, we find that appellant was not prejudiced due to an inability to present witnesses on his behalf, nor did he suffer any prejudice due to a loss of personal liberty. *See Commonwealth v. Christmas*, 995 A.2d 1259, 1264 (Pa.Super. 2010), *appeal denied*, 53 A.3d 756 (Pa. 2012). Accordingly, appellant's second issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/15/19</u>