J-A05045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GEORGE GILLARD :
:
Appellant : No. 170 EDA 2022

Appeal from the PCRA Order Entered December 9, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0010234-2010

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 21, 2023**

George Gillard (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

On May 13, 2013, Appellant entered a negotiated guilty plea to one count each of aggravated assault, conspiracy, and possession of an instrument of crime (PIC).[1] ***See Commonwealth v. Gillard***, 612 EDA 2018, at *1 (Pa. Super. Aug. 15, 2019) (unpublished memorandum). The trial court imposed the negotiated sentence of 11½ — 23 months of incarceration, followed by 7 years of probation. ***Id.***; ***see also*** N.T., 10/7/16, at 5; N.T., 1/5/17, at 13-15.

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903, and 907(a).

Approximately two years later, Appellant was on probation when police arrested him in Delaware County and charged him with four counts of possessing heroin with intent to deliver (PWID).[2] *Gillard*, *supra* at *1-2. On June 30, 2015, Appellant pled guilty to the PWID charges, and the trial court sentenced him to 18 – 36 months of incarceration, followed by one year of probation. *Id.*

The trial court in the instant case held a violation of probation (VOP) hearing on October 7, 2016. The trial court found Appellant violated the terms of probation. Following receipt of a pre-sentence investigation report (PSI), the trial court re-sentenced Appellant, on January 5, 2017, to an aggregate 6 — 14 years of incarceration. *Id.*; *see also* N.T., 1/5/17, at 11. Appellant filed a motion for reconsideration, which the trial court denied.

On April 25, 2017, Appellant *pro se* filed an untimely notice of appeal, which this Court quashed. *Id.* On December 4, 2017, Appellant filed a counseled PCRA petition seeking reinstatement of his right to appeal *nunc pro tunc*. *Id.* The PCRA court granted the petition and Appellant appealed to this Court. Appellant claimed his aggregate 6 — 14 year sentence was excessive, and that he was prejudiced by the trial court's "untimely revocation of probation and sentencing." *Id.* at *5. This Court found no merit to the claims, and affirmed the judgment of sentence.

---

[2] 35 P.S. § 780-1130(a)(30).

Appellant *pro se* filed a PCRA petition on January 29, 2020. The PCRA court appointed counsel, who filed an amended petition on August 25, 2020. On December 12, 2020, PCRA counsel withdrew, and Appellant's current counsel entered his appearance. Counsel filed a supplemental PCRA petition on April 21, 2021. On October 14, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Appellant did not file a response. The PCRA court dismissed the petition on December 9, 2021. This timely appeal followed.[3]

Appellant presents four issues for review:

1. [Whether the PCRA court erred in not f]inding … Appellant's counsel … ineffective for not presenting that the [VOP] hearing was untimely; and, therefore, revocation unwarranted[?]

2. [Whether the PCRA court erred in not f]inding that counsel was ineffective at the time of sentencing for [Appellant's VOP?]

3. [Whether the PCRA court erred in not f]inding that [appellate] counsel was ineffective for failing to comply with Pa.R.A.P. 2119(f), and failing to correct or request correction, re-argument or reconsideration when this Honorable Court stated Appellant had been incarcerated throughout the pendency of the proceedings[?]

4. [Whether the PCRA court erred in n]ot holding an evidentiary hearing before dismissing Appellant's PCRA claims[?]

Appellant's Brief at 5.[4]

---

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

[4] In his third issue, Appellant repeats his first and second issues as to appellate rather than VOP counsel. **See** Appellant's Brief at 16-23. We address Appellant's claims of counsels' ineffectiveness together.

We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

> [T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004).

***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011).

Appellant claims that VOP and appellate counsel were ineffective. The Pennsylvania Supreme Court explained:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the ***Pierce*** elements on appeal to

this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations modified). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted). With respect to ineffective assistance of appellate counsel, "the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014).

Appellant first asserts VOP counsel was ineffective for "failing to litigate" the claim that his VOP hearing was untimely. Appellant's Brief at 16-17. He also asserts appellate counsel was ineffective for failing to "request correction, re-argument or reconsideration by the Superior Court" of our determination that Appellant was incarcerated during the delay and did not suffer "prejudice due to the delay in proceedings." ***Id.*** at 22-23.

The record confirms VOP counsel did not raise the timeliness issue at the VOP hearing. N.T., 10/7/16, at 1-9. However, appellate counsel raised the issue on appeal. We stated:

> Appellant contends that Appellant suffered prejudice due to the trial court's untimely revocation of probation and sentencing. (Appellant's Brief at 11-12.) …
>
> > [Pennsylvania Rule of Criminal Procedure] 708 provides in relevant part:

- 5 -

(B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held **as speedily as possible** at which the defendant is present and represented by counsel; and

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B)(1), (2).

The language "speedily as possible" has been interpreted to require a hearing **within a reasonable time**. *Commonwealth v. Saunders*, [ ] 575 A.2d 936, 938 ([Pa. Super.] 1990). Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, **the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay**. *Commonwealth v. McCain*, [] 467 A.2d 382, 383 ([Pa. Super.] 1983). The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing. *Id.*

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. *Saunders*, *supra*. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. *Commonwealth v. Bischof*, [ ] 616 A.2d 6, 8 ([Pa. Super.] 1992). Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty. *Commonwealth v. Marchesano*, [ ] 544 A.2d 1333, 1336 ([Pa.] 1988).

*Commonwealth v. Clark*, 847 A.2d 122, 123-124 (Pa. Super. 2004).

- 6 -

Here, Appellant pled guilty to PWID in Delaware County on June 30, 2015. The trial court did not hold Appellant's VOP hearing until October 7, 2016. The record, however, reflects that Appellant was incarcerated for the entire period of the delay as a result of the PWID conviction. (**See** Trial Court Opinion, 8/15/18 at 2.) Moreover, Appellant did not dispute that he violated his probation. (Notes of Testimony, 10/7/16 at 6.) Therefore, we find that Appellant was not prejudiced due to an inability to present witnesses on his behalf, nor did he suffer any prejudice due to a loss of personal liberty. **See Commonwealth v. Christmas**, 995 A.2d 1259, 1264 (Pa. Super. 2010), **appeal denied**, 53 A.3d 756 (Pa. 2012).

**Commonwealth v. Gillard**, **supra** at *2-3 (emphasis added).

Appellant argues this Court's disposition was incorrect because "Appellant had already served his minimum sentence and been paroled by the State of Pennsylvania (for his Delaware County case) prior to the instant **violation of probation sentencing hearing**." Appellant's Brief at 16 (emphasis added). He claims both VOP and appellate counsel were ineffective for not arguing his timeliness claim on this basis. **Id.** at 16-17, 22-23.

As stated above, the "the relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing." **Clark**, **supra** at 124 (emphasis added). Appellant was sentenced to 18 — 36 months of incarceration in Delaware County on June 30, 2015. The VOP hearing was October 7, 2016. Regardless of whether Appellant was incarcerated during that time, the PCRA court explained:

Only upon the resolution of the Delaware County case and [Appellant's] subsequent incarceration was this court able to schedule the VOP hearing. The total delay was 15 months and 7

days. [Appellant] has not offered any evidence that this delay prejudiced him in his VOP sentencing.

* * *

Regarding appellate counsel's failure to correct this [c]ourt pertaining to [Appellant's] incarceration and parole, [Appellant] is misguided. This claim arises out of an alleged misunderstanding on behalf of this [c]ourt and the Superior Court regarding [Appellant's] parole on his Delaware County case. This [c]ourt stated that [Appellant] was continuously incarcerated following his Delaware County case through the VOP hearing. Amended Petition, at 5. [Appellant] claims that he was released on parole from his Delaware County case at the time of the initial VOP hearing. This is incorrect. The first VOP hearing was held on October 7, 2016, when probation was revoked. [Appellant] was not released on parole until November 19, 2016, according to his Appellate Brief. At that time, he was taken into custody for the revocation of his probation. The sentencing hearing was then held on January 5, 2017, less than two months following [Appellant's] reincarceration. At the time the Superior Court held that [Appellant's] VOP hearing was timely they were aware of the parole and reincarceration.

PCRA Court Opinion, 4/7/22, at 11, 12-13.

Accordingly, Appellant's timeliness issue lacks merit. Neither VOP counsel nor appellate counsel were ineffective for failing to litigate or seek reconsideration of this non-meritorious claim. **See *Taylor*, *supra*.**

Next, Appellant argues VOP counsel was ineffective at sentencing for failing to present mitigation evidence and call Appellant's family members to speak on his behalf. Appellant's Brief at 20. Appellant also asserts:

Appellant's counsel failed to state that Appellant had already been granted parole and released from custody for the Delaware County Case due to the delay in proceedings. Appellant's counsel did not specify that Appellant had subsequently been taken back into custody by Philadelphia Adult Probation & Parole while reporting

- 8 -

to the department as required.  **See** Gagnon II Summary dated 12/1/2016.

***Id.***

With respect to appellate counsel, Appellant argues counsel was ineffective for failing to comply with Pa.R.A.P. 2119(f) and causing this Court to find Appellant waived his discretionary aspects of sentence claim.  ***Id.*** at 22.

To succeed on an ineffectiveness claim involving preservation of a discretionary aspects of sentencing issue, a PCRA petitioner must demonstrate that the underlying sentencing issue has merit.  ***See Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) ("[I]f the PCRA court can determine from the record that the sentence was not excessive … then there is no underlying merit to the ineffectiveness claim and the claim must fail."); ***see also Commonwealth v. Reaves***, 923 A.2d 1119, 1131-32 (Pa. 2007) (claim of ineffectiveness for failure to preserve discretionary sentencing issue requires showing of reasonable probability that sentencing court would have imposed lesser sentence). "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*).

In addition, to prove counsel was ineffective for failing to call a witness, a petitioner must demonstrate:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Brown*, 196 A.3d 130, 167 (Pa. 2018).

The record belies Appellant's claims of VOP counsel's ineffectiveness for failing to present mitigation evidence and call witnesses to speak on Appellant's behalf at sentencing. *See generally*, N.T., 1/5/17, at 4-18.

VOP counsel presented mitigating evidence. Counsel emphasized Appellant's supportive family. *Id.* at 5. Counsel further highlighted the good relationship Appellant had with his probation officer; his minimal criminal history; his lack of probation violations other than his Delaware County case; his completion of programs while incarcerated; his acceptance of responsibility; his youth; his employment history; and his responsibility for parenting his young children and co-parenting two stepsons. *Id.* at 11-13.

As to calling witnesses, the record indicates VOP counsel spoke to Appellant's family prior to sentencing because counsel was aware "there [was] one person who wanted to speak." *Id.* at 4. Counsel noted Appellant had 14 family members present at a prior listing of the case, and 6 - 8 family members present at sentencing. *Id.* at 12. Counsel stated that Appellant's "aunt, who is a Philadelphia police officer, did want to speak. Unfortunately, she has not yet made it." *Id.* Counsel presented Appellant to speak on his behalf, after which the trial court asked counsel if she had anything further.

- 10 -

*Id.* at 15. When counsel said she did not, the court asked, "None of the people that are here today want to say anything on his behalf?" *Id.* at 16. Although counsel then asked if "anyone else want[ed] to speak?", there no response. *Id.* Appellant has not demonstrated VOP counsel's ineffectiveness.

The trial court stated:

I reviewed the presentence report. I reviewed the guilty plea colloquy …. [Appellant] got an enormous break with his negotiated plea. There were other charges, more serious charges, equally serious charges that were dropped. Hitting someone over the head with a baseball or an iron pipe could have been the basis for a charge of attempted murder, not just robbery and aggravated assault. [Appellant] got an enormous break, and maybe no one explained to him how fortunate he was. Apparently, he didn't understand because he's back here having committed new crimes. Maybe not violent crimes, but still committing new crimes. I'm going to impose a sentence within the guidelines like he could have gotten initially but did not because of the plea.

N.T., 1/5/17, at 16.

The record further shows the trial court considered the evidence and relevant 42 Pa.C.S.A. § 9721(b) factors in sentencing Appellant in the standard range. *See id.* at 16-17; *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code," and holding a sentence was not unreasonable where the court had the benefit of a PSI and imposed a standard range sentence).

- 11 -

Also, Appellant was not prejudiced by the waiver of his discretionary aspects of sentence claim on appeal, which resulted from appellate counsel's failure to include a Pa.R.A.P. 2119(f) statement in Appellant's brief. As the PCRA court explained:

> If appellate counsel had filed the statement as required, the claim itself still lacks merit. [Appellant] received 6 to 14 years for a crime that this [c]ourt noted "could have been the basis for attempted murder" and carried a maximum of 20 to 40 years. (N.T. 1/5/17, at 16). This [c]ourt further explained the reasoning on the record[,] citing the seriousness of the crime[s] and [Appellant's] commission of a new crime. *Id.* [Appellant] has not supported any claim of an abuse of discretion by this [c]ourt and therefore the claim lacks merit.

PCRA Court Opinion, 4/7/22, at 12; *see also Jones*, 942 A.2d at 907-08 (rejecting claim of ineffectiveness for failure to preserve challenge to discretionary aspects of sentence where there was no merit to the claim).

For the above reasons, Appellant's claims of counsels' ineffectiveness lack merit. As such, the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. *Hanible*, 30 A.3d at 452.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2023

- 12 -