J-S02045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS WILLIAMS | : | |
| | : | |
| Appellant | : | No. 717 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005633-2007

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 9, 2024**

Appellant, Dennis Williams, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County following the revocation of his probation.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On September 13, 2007, the Commonwealth filed an Information charging Appellant with one count of possession with the intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30), one count of firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), and one count of criminal conspiracy, 18 Pa.C.S.A. § 903(a)(1).  On February 22, 2010, Appellant entered a negotiated guilty plea to all three charges, and on that same date, he was sentenced to an

_____

[*] Former Justice specially assigned to the Superior Court.

aggregate of twenty-four months to forty-eight months in prison to be followed by five years of probation. In 2012, Appellant was paroled, and he began serving his term of probation on June 7, 2013.

On February 22, 2014, while he was on probation for the instant matter, Appellant was arrested in the state of Delaware for possession of a firearm and related charges, and the state of Delaware immediately took Appellant into custody. On April 16, 2014, the trial court in Pennsylvania issued a bench warrant for Appellant's arrest due to the probation violation in the instant case.[1] On March 13, 2015, Appellant was convicted of the offenses in the state of Delaware, and he was sentenced to a term of prison.

On October 20, 2022, Appellant "was released from [the state of] Delaware" and immediately transferred "to Pennsylvania state prison" on the bench warrant. N.T., 2/14/23, at 6. On February 14, 2023, Appellant, who was represented by counsel, proceeded to a **Gagnon II**[2] hearing.

At the hearing, Appellant argued the trial court should "heavily" consider the nine years Appellant already served in the Delaware state prison for the gun offense, which led to the revocation proceedings in the instant matter. N.T., 2/14/23, at 6. Appellant further argued he had been in a Pennsylvania state prison for the last four months, and this should constitute "time served

---

[1] Appellant stipulated the Delaware offense violated his probation in Pennsylvania. N.T., 2/14/23, at 3.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

for the [probation] violation." **Id.** at 7. Appellant argued there were numerous mitigating factors for the trial court to consider in imposing Appellant's revocation sentence. Specifically, Appellant's counsel informed the trial court of the following (verbatim):

> During [Appellant's] time in custody in [the state of] Delaware he used his time productively. He would also like to explain to Your Honor what he did in custody, and his plans for when he is released. He obtained his [inaudible] license, he obtained a cosmetology degree, he has plans for when he is released to work at Servpro doing fire and water restoration damage, so he has a job for when he gets out. He knows where he's going to be living, he will be living with his aunt, Shirley Butler, in Chester, eventually he wants to move in with his mother in [the state of] Delaware, and he does have three more years of probation for his Delaware state case, so he will be on supervision for the next three years for that case. I believe that is sufficient to ensure the safety of the community. I understand that this is a serious violation, but he has used his time productively in these nine years and shown that he does not need any additional punishment in terms of confinement. If Your Honor was not inclined to impose simply the time served, I would be asking for three years of probation to run concurrently with the Delaware state case.

**Id.**

The parole agent recommended the trial court impose a period of confinement for the instant matter. **Id.** at 8. The Commonwealth indicated that it concurred with the parole agent and noted that Appellant had just started the five-year probationary period of his original sentence in the Pennsylvania case when he was arrested for "shots fired" in the Delaware state case. **Id.** at 9. The Commonwealth averred that, if the trial court considered the imprisonment for the Delaware state conviction as "time

- 3 -

served" for the Pennsylvania revocation matter, Appellant "would actually be given a benefit" from committing another crime. *Id.* at 10-11.

The trial court then afforded Appellant an opportunity to make a statement, and the following exchange occurred (verbatim):

> [APPELLANT]: I am 37, I have five kids, I have two youngest, they are 10 and 11, but what I really wanted to talk to you about is I did actually two years on the street from once I was paroled and when I was transferred over to the special probation before I incurred the new charge I did six months on a special probation. And I was on special probation 6/7/2013 I didn't catch a charge until 2014, I made parole in 2012, that's two years on the street. Also, this is my first violation, the charge in Delaware I was only convicted of possession of a firearm by a person prohibit and I take accountability for my actions because I'm a burned male, I'm mad that it took me this long that I didn't change the people and places and things that I put myself around. So, in that hence I put myself in a situation that I shouldn't have been in and I'm willing to take on probation in Delaware also. I was on probation, and I was in the process of getting everything from Pennsylvania transferred over to Delaware because that's where my mother lives and that is actually a conduit situation for me to be in. I have a job available, I've completed prevention, looking for change. I have my OSHA license, I have a fire license and a cosmetology license while I was in jail. Minimum write ups, like I really just was trying and if I wasn't able to get time served or reinstatement to try and get everything lined up with Delaware so once I'm done I can get out of the tristate, I have to get out of the tristate and that's the only way that I feel as though I can be productive by getting out of the tristate that way I'm not putting myself around people and places and things that I know are a conduit to putting me back in jail. In 2014 when I caught this case, I had lost my brother, he fell off a bridge in Delaware. I was kind of going through something, my original PO would be able to tell you that, I was going through something mentally---
>
> [DEFENSE COUNSEL]: Yeah, he was.
>
> [APPELLANT]: And I got caught on my case, yes, I put myself around some things that I shouldn't have put myself around, I take accountability for that because those are my

- 4 -

actions of putting myself around them people and I'm just asking it for, I've missed on so much years of my kids life….

THE COURT: Yeah.

[APPELLANT]: I'm just asking for like no jail time to even just be reinstated because this is my first violation on the special parole and they usually don't give you, I mean special probation, they usually don't give you time on your first violation…

THE COURT: Well…

[APPELLANT]: I'm just asking for the…

THE COURT: So, wait…

[APPELLANT]: And (inaudible).

THE COURT: When did he get released, so he got released from Delaware prison…

[DEFENSE COUNSEL]: Yes.

THE COURT: Four months ago.

[DEFENSE COUNSEL]: Right.

THE COURT: Okay, well it would be hard to get another violation when you spent the last nine years in jail. So, you…

[APPELLANT]: I didn't hear you, one time?

THE COURT: Okay it would be hard to get another violation when you've been in jail for all this time.

[APPELLANT]: Oh, yeah, I mean I understand that…

THE COURT: Okay, I mean just…

[APPELLANT]: But that was my first violation.

THE COURT: Yeah, no I get it….So, yes I'm giving you some extra time, not as much as some, I'm taking---look you violated on this case in a very short period of time with a pretty significant crime. Yeah, I hope you've learned your lesson, and you know your kids were like one year old when you went away, and now they're 10[.]

*Id.* at 11-14.

The trial court confirmed Appellant's Delaware conviction violated his probation in the instant matter, and the trial court then imposed an aggregate

revocation sentence of 10 months to 24 months in prison to be followed by 3 years of probation. The trial court noted Appellant would be given credit for time served in Pennsylvania. The trial court indicated the sentence would be imposed concurrently to any remaining portion of Appellant's sentence in the state of Delaware.

Appellant filed a timely, counseled motion for reconsideration of his revocation sentence, which the trial court denied on March 8, 2023. This timely appeal followed, and all Pa.R.A.P. 1925 requirements have been adequately met.

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Presented" (verbatim):

1. Whether the trial court violated Rule 708(B) of the Pennsylvania Rules of Criminal Procedure where the trial court's *Gagnon II* revocation hearing was untimely?

2. Whether the trial court erred as a matter of law and violated the discretionary aspect of sentencing when it imposed a manifestly excessive and unreasonable sentence, inasmuch as the trial court did not state adequate grounds for imposing such a sentence, such a sentence lacked sufficient support in the record, was disproportionate to the alleged violations and such sentence failed to give individualized consideration to Appellant's personal history and background, and was in excess of what was necessary to address the gravity of the offense, the protection of the community and Appellant's rehabilitative needs?

Appellant's Brief at 5 (suggested answers omitted).

Preliminarily, we note that "[i]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the

- 6 -

revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa.Super. 2015) (citation omitted).

In his first issue, Appellant contends the trial court violated his right to a speedy revocation hearing under Pennsylvania Rule of Criminal Procedure 708(b).[3] Specifically, Appellant contends the revocation hearing was not held

_____

[3] Relevantly, Rule 708 provides the following:
> **Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**
> ***
> **(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel….

Pa.R.Crim.P. 708(B)(1) (bold in original).

The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. ***Commonwealth v. Saunders***, 575 A.2d 936, 938 (Pa.Super. 1990). Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. ***Commonwealth v. McCain***, 467 A.2d 382, 383 (Pa.Super. 1983).

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. ***Saunders***, ***supra***. To demonstrate a violation of his right to a speedy probation revocation hearing, a defendant must allege and prove the delay in holding the revocation hearing prejudiced him. ***Commonwealth v. Christmas***, 995 A.2d 1259, 1263 (Pa.Super. 2010). "Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether

*(Footnote Continued Next Page)*

"as speedily as possible," and the trial court misapplied the required balancing test.

In response the Commonwealth argues, *inter alia*, that Appellant waived this issue. Specifically, the Commonwealth avers Appellant did not object to the timeliness of his revocation hearing prior to or during the revocation hearing. After a careful review, we agree.

It is well settled that "[i]ssues not raised in the trial court are waived[.]" Pa.R.A.P. 302(a). The appellate courts have held that an appellant's failure to raise objections during a counselled revocation proceeding waives issues related thereto, and, thus, precludes their consideration on appeal. ***See Commonwealth v. Collins***, 492 Pa. 405, 424 A.2d 1254 (1981) (*per curiam*) (holding the appellant's claim he was denied a speedy revocation hearing was waived since counsel did not object on this basis during the revocation hearing); ***Commonwealth v. Reed***, 285 A.3d 334 (Pa.Super. 2022) (holding allegation that violator received inadequate notice was waived for failing to raise an objection in the revocation court); ***Commonwealth v. Miller***, 283

_____

probation was violated, or unnecessary restraint of personal liberty." ***Commonwealth v. Clark***, 847 A.2d 122, 123-24 (Pa.Super. 2004).

A.3d 376 (Pa.Super. 2022) (unpublished memorandum)[4] (holding challenges to the **Gagnon II** hearing must be presented during the hearing).

In the case *sub judice*, during the revocation hearing, the Assistant District Attorney suggested the parties had reached an agreement for the revocation hearing to be conducted by video and the time for the hearing. N.T., 2/14/23, at 3. Appellant's counsel confirmed the stipulation. **Id.** Moreover, there is no indication that Appellant alleged prior to or during the hearing that he was denied a speedy revocation hearing. Accordingly, the issue is waived. **See Collins**, **supra**.[5]

_____

[4] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value). We find **Miller**, **supra** to be persuasive.

[5] Even if not waived, we note the trial court provided the following relevant analysis in its Rule 1925(a) opinion:

> [In his Rule 1925(b) statement,] Appellant first contends the [trial] court's revocation hearing…was untimely and therefore in violation of [Pa.R.Crim.P.] 708[.]
>
> ***
>
> Appellant in the instant matter was sentenced on the charges which instigated the violation in this matter. Since he was already incarcerated for nine years on his new convictions, he suffered no prejudice arising from a loss of liberty during the delay between the violation and the revocation proceedings. Additionally, the conviction for the new crime provided conclusive proof of the violation, and, therefore, Appellant suffered no prejudice from the delay due to loss of witnesses or evidence. Finally, Appellant cannot establish prejudice merely by alleging the revocation occurred after the end of his probationary term. Since there is no prejudice to Appellant, there is no merit to his allegation of error on appeal.

Trial Court Opinion, filed 5/9/23, at 2, 4-5.

*(Footnote Continued Next Page)*

In his final issue, Appellant claims the trial court abused its discretion in imposing a manifestly excessive and unreasonable revocation sentence. Specifically, Appellant avers the trial court did not state adequate reasons on the record for the sentence and failed to properly consider the protection of the public, the gravity of Appellant's offenses, and Appellant's rehabilitative needs as required by 42 Pa.C.S.A. § 9721(b).  Appellant argues the trial court failed to consider Appellant's background and characteristics, as well as the ways in which Appellant "changed while in prison[.]" Appellant's Brief at 32.

Here, Appellant challenges the discretionary aspects of his sentence. **See Commonwealth v. Ferguson**, 893 A.2d 735 (Pa.Super. 2006). "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa.Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

---

We find no error.  **See Christmas**, 995 A.2d at 1263-64 (noting where a defendant is incarcerated on new charges, which triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty; further, where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his revocation hearing prejudiced him because he lost favorable witnesses and evidence).

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa.Super. 2011) (citation omitted). Here, assuming, *arguendo*, all of these requirements have been met, we conclude Appellant's sentencing issue is meritless.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005).

"Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing." *Commonwealth v. Philipp*, 709 A.2d 920, 921 (Pa.Super. 1998) (quotation marks and quotation omitted). 42 Pa.C.S.A. § 9721, which governs sentencing generally, provides that in all cases where the court "resentences an offender following revocation of probation…the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and

- 11 -

character of the offender." ***Commonwealth v. Colon***, 102 A.3d 1033, 1044

(Pa.Super. 2014) (quotation marks and quotation omitted).

Moreover, Subsection 9721(b) offers the following guidance to the trial

court's sentencing determination:

> [T]he sentence imposed should call for confinement[6] that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b) (footnote added).

Here, in rejecting Appellant's claim, the trial court relevantly stated the

following:

> Prior to imposing Appellant's sentence, th[e] [trial] court took into consideration all the facts presented by the Commonwealth, the defense, and the parole agent, to fashion an individualized sentence. The [trial] court knew that the Appellant's original conviction was for Conspiracy[,] Possession with Intent to Deliver, and Possession of a Firearm. He then violated his [probation] when he was arrested and convicted for a new firearms charge, the facts of which involved "shots fired," not simply possession. N.T., 2/14/23, at 9. Defense counsel sought a time served sentence, explaining that Appellant used his time in prison wisely; obtaining various licenses and making plans to work at Servpro after release. [***Id.***] at 7. The Commonwealth argued that giving Appellant a time served sentence would be akin to giving him a benefit for violating his [probation] since he would actually be getting a lesser penalty than he would have had to serve on his original five-year special probation term had he not been arrested in Delaware. [***Id.***] at 9-10.

---

6 Pursuant to 42 Pa.C.S.A. § 9771, "the court shall not impose a sentence of total confinement after probation revocation unless it finds that: (1) the defendant has been convicted of another crime[.]" 42 Pa.C.S.A. § 9771(c)(1). Here, Appellant does not dispute that he was convicted of another crime while he was on probation.

The [trial] court heard from Appellant[,] who explained that he is thirty-seven years old and has two children. He explained that he served his parole term and had served approximately six months of his five-year special probation when he got arrested in Delaware. He cited to this violation being his only violation; however, the [trial] court determined this was not necessarily persuasive as this violation resulted in his serving nine years in [the Delaware State] prison, and, therefore, [he] had no other opportunity to violate [his special probation in the instant matter]. The [trial] court heard and appreciated the fact that Appellant was going through a difficult time in his personal life when he was arrested in Delaware. [*Id.*] at 12-13.

After hearing all this information, as well as considering the information submitted by the parole agent, the [trial] court imposed a sentence of 10 [months] to 24 months incarceration plus 3 years' probation. He was also given credit for time served. The [trial] court specifically cited to the fact that Appellant violated his supervision in a very short period of time. [*Id.*] at 14.

Since the [trial] court considered all appropriate factors to render [an] individualized sentence…, and stated those reasons on the record, there was no error…[or] a violation of the discretionary aspects of sentencing.

Trial Court Opinion, filed 5/9/23, at 6-7.

We find no abuse of discretion in the trial court's revocation sentence. The record reveals the trial court imposed an individualized sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of Appellant. 42 Pa.C.S.A. § 9721(b). Further, after hearing Appellant's mitigating evidence, including the good efforts he made while in prison, the trial court provided reasons on the record for its sentence, including that Appellant "violated [his probation] on this case in a very short period of time with a pretty significant crime." N.T., 2/14/23, at 14. ***See Colon***, ***supra***.

For all of the aforementioned reasons, we conclude Appellant is not entitled to relief, and, thus, we affirm.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/9/2024